UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELVIN LANEIL JAMES,<br><br>                              Petitioner,<br>v.<br>WILLIAM A. GITTTERES, et al.,<br><br>                              Respondents. | Case No. 3:24-cv-00286-ART-CSD<br><br>ORDER APPOINTING COUNSEL AND ORDER TO SHOW CAUSE |

*Pro se* Petitioner Kelvin Laneil James has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, three motions for leave to proceed *in forma pauperis* ("IFP"), a motion for appointment of counsel, a motion for an evidentiary hearing, and a motion for entry of default. (ECF Nos. 1-1 ("Petition"), 4, 6, 7, 8, 10, 11.) This matter comes before the Court for initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of James's motions. This Court grants James's motions for leave to proceed IFP, grants James's motion for the appointment of counsel, denies James's motion for an evidentiary hearing without prejudice as premature, and denies James's motion for entry of default. However, for the reasons discussed below, this Court instructs James, through counsel, to show cause why the Petition should not be dismissed as untimely.

I.      **BACKGROUND**[1]

James challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Kelvin James*, Case No. C-15-311028-1. On September 9, 2016, and October 31, 2016,

---

[1]The Court takes judicial notice of the docket records of the state court and Nevada appellate courts, accessible at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

1   the state court entered a judgment of conviction and amended judgment of
2   conviction, respectively, convicting James of voluntary manslaughter with the
3   use of a deadly weapon. James was sentenced to an aggregate of 96 to 240
4   months in prison. It does not appear that James filed a direct appeal.

5         On April 12, 2018, James filed a state petition for a writ of habeas corpus.
6   *Kelvin James v. Brian Williams*, Case No. A-18-772699-W. The state court denied
7   the petition on April 19, 2019. It does not appear that James filed an appeal.

8         On February 7, 2024, James filed a second state petition for a writ of
9   habeas corpus. *Kelvin James v. State of Nevada*, Case No. A-24-891495-W. On
10  April 3, 2024, in his state criminal case, James filed a post-conviction petition
11  requesting a genetic marker analysis. On May 21, 2024, the state court denied
12  the petition. On July 5, 2024, James filed a third state petition for a writ of habeas
13  corpus. *Kelvin James v. William Gittere,* Case No. A-24-896896-W. It appears that
14  James's second and third state petitions are still pending in state court.

15        James has filed numerous *pro se* petitions for a writ of mandamus with the
16  Nevada appellate courts. These petitions have all been denied. *See* Nos. 88850,
17  88676, 88675, 88479, 88478, 88334, 88170.

18        James transmitted his instant Petition on or about July 3, 2024. (ECF No.
19  1-1.) In his sole ground for relief, James alleges that his right to a speedy trial
20  was violated. (*Id*.) James explains that his murder charge was "downgraded" to
21  voluntary manslaughter due to a lack of evidence. (*Id*.) James argues that if the
22  prosecutors "had enough substantial evidence for the original arrest . . . of
23  murder to be cohesive, they should have taken [him] to trial." (*Id*.) It appears that
24  James also argues that there was no evidence beyond a reasonable doubt that he
25  was the person who committed the crime. (*Id*.) Notably, James pleaded guilty to
26  voluntary manslaughter with the use of a deadly weapon.[2]

---

[2]In addition to James's sole ground for relief being relatively nonsensical given

## II. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson,* 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza,* 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, it appears that James's conviction became final when the time expired for filing a direct appeal to the Nevada appellate courts on November 30,

---

that he pleaded guilty, the Court also notes that it is not readily apparent that James's sole ground for relief is exhausted, since it was only presented to the Nevada appellate courts in the form of a *pro se* petition for a writ of mandamus that was denied based on the Nevada Supreme Court declining to exercise jurisdiction in the matter. *See Kelvin Leneil James v. The Eighth Judicial District Court,* Case No. 88479.

2016. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: December 1, 2016. Accordingly, James's limitations period expired 1 year later on December 1, 2017.[3] Absent another basis for tolling or delayed accrual, James filed his federal habeas Petition over 6 years after the AEDPA limitation period expired. As such, James must show cause why his Petition should not be dismissed with prejudice as time barred.

This Court now turns to James's motion for the appointment of counsel. (ECF No. 7.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

---

[3] Although James filed first, second, and third state habeas petitions on April 12, 2018, February 7, 2024, and July 5, 2024, respectively, they were filed after the AEDPA clock had already expired. As such, it is not readily apparent that these petitions could have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

4

Following review of the Petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent James because the Court finds that appointment of counsel is in the interests of justice.

### III. CONCLUSION

It is therefore ordered that the motions for leave to proceed IFP [ECF Nos. 4, 6, 10] are granted, the motion for an evidentiary hearing [ECF No. 8] is denied without prejudice, and the motion for entry of default [ECF No. 11] is denied.

It is further ordered that the Clerk of Court (1) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (2) electronically serve Respondents' counsel a copy of the Petition (ECF No. 1-1), this Order, and all other items previously filed in this case by regenerating the Notices of Electronic Filing, (3) serve the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1), and (4) send a copy of this Order to James and the CJA Coordinator for this division.

It is further ordered that the motion for appointment of counsel [ECF No. 7] is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of James by filing a notice of appearance or (2) indicate the office's inability to represent James in these proceedings. Appointed counsel will represent James in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of a response to this Order to show cause will be set after counsel has entered an appearance.

DATED THIS 6th day of September 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE