UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KELVIN LANEIL JAMES,

                                    Petitioner,

        v.

JEREMY BEAN,[1]

                                    Respondent.

Case No. 3:24-cv-00286-ART-CSD

ORDER

Petitioner Kelvin Laneil James filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) The Court appointed counsel to represent James and instructed him to show cause why the Petition should not be dismissed as untimely. (ECF No. 13.) James filed his counseled response to the Order to Show Cause, Respondents responded, and James replied. (ECF Nos. 37, 41, 42.)

**II.    DISCUSSION**

In the Court's Order to Show Cause, it found that James's Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations ran from December 1, 2016, to December 1, 2017, making his Petition untimely by over 6 years. (ECF No. 13.) James does not dispute this calculation or that his federal petition is untimely. (ECF No. 37 at 3.) Rather, James asserts that he is entitled to equitable tolling based on his mental illness. (*Id.*)

The Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida,* 560 U.S.

---

[1] The state corrections department's inmate locator page shows that James is incarcerated at High Desert State Prison. Jeremy Bean is the current warden for that facility. Accordingly, at the end of this Order, the Court kindly requests the Clerk of Court substitute Jeremy Bean as a respondent for Respondent William Gitteres. *See* Fed. R. Civ. P. 25(d).

631, 645 (2010). Equitable tolling is appropriate when (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc). To satisfy the second element, a petitioner must demonstrate that the "extraordinary circumstances" were the *cause* of his untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).

"[E]quitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010). To show a mental impairment is an extraordinary circumstance, the petitioner must first prove that he "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Id.* at 1100. Second, he "must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id.*

James includes a copy of his medical records to support his request for equitable tolling. (ECF No. 39-1.) Those medical records demonstrate that, at least as of June 18, 2015, James had been diagnosed with schizophrenia. (*Id.* at 55.) James argues that he "wasn't able to understand the process for timely filing his federal petition because of his mental illness." (ECF No. 37 at 9.) Respondents argue that "James provide[s] no evidence that his mental illness was impacting

him during the [applicable] one-year period," explaining that "there is simply no evidence in the record that shows James was experiencing auditory hallucinations from mid-2015 to mid-2021." (ECF No. 41 at 3–4.)

Just because James was not experiencing a specific symptom of schizophrenia—auditory hallucinations—at the relevant time does not mean that he was not suffering from a chronic, severe brain disorder. Rather, given the pervasive and resolute nature of schizophrenia, the Court finds that James is entitled to equitable tolling. *See Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled."). Indeed, it is apparent to the Court that James's mental impairment is so severe that he was unable "to understand the need to timely file or prepare a habeas petition" and that his schizophrenia "made it impossible under the totality of the circumstances [for him] to meet the filing deadline despite" his apparent diligence under the circumstances. *Bills*, 628 F.3d at 1093.

## III.    CONCLUSION

It is therefore kindly ordered that the Clerk of Court substitute Jeremy Bean for Respondent William Gitteres.

It is further ordered that James has up to and including 90 days from entry of this Order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. James remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding

or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that Respondents shall file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition and that James may file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion to dismiss, shall be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.

It is further ordered that, in any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that any state court record and related exhibits filed herein by either James or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.). Notwithstanding LSR 3-3(c), duplicate exhibits may be filed by Respondents to create one comprehensive and chronological Index of Exhibits.

It is further ordered that courtesy copies of exhibits shall <u>not</u> be provided.

DATED THIS 7th day of April 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE